Citation Nr: 1542413 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 12-33 114 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to service connection for a bilateral knee condition.


REPRESENTATION

Appellant represented by: North Carolina Division of Veterans Affairs


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

R. Dodd, Associate Counsel


INTRODUCTION

The Veteran had active service from June 1980 to June 1991. 

The matter is before the Board of Veterans' Appeals (Board) on appeal from a September 2009 rating decision of the Department of Veteran Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina, that denied reopening claims for service connection for a back condition and bilateral knee condition.

The Veteran testified at a Board videoconference hearing in December 2014 and a copy of that transcript is of record. 

This claim was previously before the Board in January 2015. At that time it was remanded for additional development. That development having been completed, this claim is once again before the Board.

The Board notes that a claim for service connection for a back condition was also remanded in January 2015. However, in a June 2015 rating decision, the RO granted the Veteran service connection for this condition with an effective date of September 11, 2008. As such, this claim is considered resolved in full and no further discussion shall ensue in this decision.

This matter was processed using the Veteran's Benefits Management System (VBMS). A review of the Veteran's Virtual VA claims file reveals documents that are either duplicative or irrelevant to the issues on appeal.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.






REMAND


Although the Board sincerely regrets the additional delay in this appeal, it is constrained by the fact that proper adjudication requires further development with respect to the appealed claim.

This claim was remanded for a new VA examination in January 2015. In particular, the Remand requested that the examiner must reconcile any diagnoses that conflict with the evidence of record, particularly "osteoarthritis" as diagnosed in December 2004 and patellofemoral syndrome of the bilateral knees as diagnosed in July 2012. The examiner should then opine as to whether it is at least as likely as not (a 50 percent probability or greater) that each of the Veteran's current bilateral knee disabilities are related to his active military service, to include in-service treatment in November 1988. In so opining, the examiner should specifically discuss the lay evidence of continued symptoms after service and the December 2004 private opinion.

As per the instructions of the January 2015 Remand, the Veteran was provided with an additional VA examination in May 2015. The examiner reviewed the Veteran's claims file, interviewed the Veteran and performed objective testing. He diagnosed with Veteran with a bilateral knee condition, manifested by pain. The examiner opined that the Veteran's bilateral knee condition was less likely than not caused by or incurred in military service. In support, the examiner provided that the Veteran's service treatment records did not support any showing of chronicity for a bilateral knee condition, as the Veteran was only treated for shin splints during service. He also stated that the onset of the Veteran's condition was over 10 years after he left service. The examiner stated that the 2003/2004 private examination was noted, but failed to discuss it any further and reiterated that the Veteran's condition's onset was over 10 years after service. The examiner failed to provide any discussion of the Veteran's lay statements regarding chronic knee pain since military service.

A remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order. Stegall v. West, 11 Vet. App. 268 (1998). Where the remand orders of the Board are not complied with, the Board itself errs in failing to insure compliance. Id. at 271.

Here, the examiner failed to comply with the previous remand instructions when he provided his opinion. Most notably, the examiner was specifically asked to consider and discuss the Veteran's lay statements regarding continuity of pain since service. Rather, the examiner merely ignored these statements and provided that there was no evidence whatsoever of any complaints of such condition until 2004. A VA examination is inadequate where a VA examiner ignores the veteran's lay statements. See Dalton v. Nicholson, 21 Vet. App. 23, 39-40 (2007). Additionally, the examiner failed to discuss the positive etiology opinion of the December 2004 private treatment record and why such opinion does or does not accurately reflect the Veteran's condition. As such, the Veteran's claims file should be returned to the May 2015 VA examiner so that he may provide an addendum opinion in which he discusses the Veteran's lay complaints of pain continuing since service and the results of the December 2004 private opinion and provide a rationale as to why or why not the Veteran's current condition is not a continuation of the knee pain condition for which he was treated in service in November 1988.

Furthermore, a VA examination is inadequate where it was provided in part on an incorrect factual basis. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (noting that a medical opinion based on an inaccurate factual premise has no probative value). Here, the VA examiner stated that there were no knee conditions noted in service, other than the treatment that the Veteran received for his shin splints. However, this neglects to show the fact that the Veteran was in fact treated for knee pain apart from his shin splints on November 1988. Additionally, the examiner, in stating that there is no indication of onset until more than 10 years after service ignores the fact that the Veteran has stated on multiple occasions that he has had continual bilateral knee pain since service. As such, the examiner, upon remand, should also take into account and discuss these factual inaccuracies in providing an addendum to his opinion. Further, he should explain why the Veteran's knee pain in service is distinct from the knee pain that has alleged to have continued since service to its present diagnosed manifestation.

Additionally, as this case must be remanded for the foregoing reasons, any recent treatment records, including VA records, should also be obtained. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c) (2014); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992).

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be requested to provide the names, addresses and approximate dates of treatment of all medical care providers, VA and non-VA, who have treated him for the disabilities on appeal. After the Veteran has signed the appropriate releases, those records should be obtained and associated with the claims folder. Appropriate efforts must be made to obtain all available VA treatment records. All attempts to procure records should be documented in the file. If the AMC cannot obtain records identified by the Veteran, a notation to that effect should be inserted in the file. The Veteran is to be notified of unsuccessful efforts in this regard, in order to allow him the opportunity to obtain and submit those records for VA review.

2. Then, after any new evidence has been associated with the claims file, obtain an addendum opinion to the May 2015 VA examination report regarding the etiology of the Veteran's claimed bilateral knee condition. The claims file must be made available to the examiner for review and a notation to this effect should be made in the claims file. The complete medical history of the disability should be obtained. All necessary tests should be conducted. 

The examiner should diagnose all current bilateral knee conditions.

The examiner must reconcile any diagnoses that conflict with the evidence of record, particularly "osteoarthritis" as diagnosed in December 2004 and patellofemoral syndrome of the bilateral knees as diagnosed in July 2012. 

The examiner should then opine as to whether it is at least as likely as not (a 50 percent probability or greater) that each of the Veteran's current bilateral knee disabilities are related to his active military service, to include in-service treatment in November 1988? 

In so opining, the examiner should specifically discuss the lay evidence of continued symptoms after service and the December 2004 private opinion. 

The examiner is requested to provide a thorough rationale for any opinion provided.

3. Review the examination report to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the AMC must implement corrective procedures. Stegall, 11 Vet. App. at 268.

4. After completing the above, the Veteran's claims should be readjudicated based on the entirety of the evidence. If the claims remain denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).